IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-168-FL-KS

| | | |
|---|---|---|
| JAMAINE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision of the Social Security Administration denying Plaintiff's application for supplemental security income ("SSI"). The parties have fully briefed the matter pursuant to the Supplemental Rules for Social Security Actions, and this matter is ripe for decision. Having carefully reviewed the administrative record and the parties' briefs, the undersigned recommends that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for SSI on June 9, 2022, with an alleged onset date of August 23, 2019. (R. 17, 220–26.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 17, 106, 119, 139.) A telephonic hearing was held on August 21, 2024, before Administrative Law Judge

("ALJ") Rebecca Adams, who issued an unfavorable ruling on September 18, 2024. (R. 17–49.) On July 23, 2025, the Appeals Council denied Plaintiff's request for review. (R. 1–3.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481. On September 22, 2025, Plaintiff filed the instant civil action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence"

inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 416.920(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and

denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015).

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 9, 2022. (R. 19.) Next, the ALJ determined Plaintiff has severe impairments of chronic neck pain, chronic low back pain due to degenerative disc disease status post-surgery, hypertension, fatty liver disease, carpal tunnel syndrome, left shoulder pain due to degenerative joint disease, and history of [alcohol] abuse. (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments are not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 21.) The ALJ expressly considered Listings 1.15, 1.16, 1.18, 4.00 and related listings, 5.00 and related listings, and 11.14. (*Id.*)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except [n]ever climb ladders, ropes, and scaffold[s] due to chronic back, neck pain. Frequently climb ramps, occasionally climb stairs due to back pain with radiculopathy. Frequent but not constant overhead reaching with the bilateral upper extremities due to neck pain. Frequent but not constant handle/finger/feel with the bilateral upper extremities due to history of carpal tunnel syndrome and left shoulder degenerative joint disease. Occasionally stoop, kneel, crouch, or crawl due to back pain. Must avoid concentrated exposure to temperature extremes, vibrating tools and/or surfaces due to

> hypertension, chronic pain, and neuropathy. He can perform simple, routine tasks at a non-production pace with frequent interaction [with] supervisors and occasional interaction with coworkers and public. Must be allowed to use cane for ambulation in workplace, other hand is free for carrying light objects.

(R. 21.) In making this assessment, the ALJ stated that she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. § 416.929, and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's symptoms concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence in the record." (R. 21–22.) At step four, the ALJ concluded that Plaintiff has no relevant past work. (R. 25.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: final assembler (DOT #713.687-018), typecopy examiner (DOT #979.687-026), and lampshade assembler (DOT #739.684-094). (R. 26.) The ALJ concluded that Plaintiff has not been disabled under the Act since June 9, 2022, the date the application was filed. (R. 27.)

## IV. Plaintiff's Arguments

Plaintiff contends the Commissioner erred by (A) improperly evaluating medical opinions (Pl.'s Br. [DE #12] at 3–7), and (B) improperly evaluating Plaintiff's subjective complaints (*id.* at 7–11).

For the reasons explained below, the court agrees with Plaintiff as to the first argument and therefore recommends remand to the Commissioner for further proceedings.

### A. Medical Opinion Evaluation

Plaintiff argues the ALJ failed to properly evaluate the medical opinion of Dr. Rupert Jilcott by failing to seek clarification for Dr. Jilcott's use of the word "occasional." (Pl.'s Br. at 4–7.) The undersigned agrees with Plaintiff that the ALJ should have sought clarification regarding what Dr. Jilcott meant by "occasional."

When evaluating medical opinions, the ALJ must consider factors set forth in 20 C.F.R. § 416.920c(b), (c)(1)–(5). *See generally Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (summarizing the medical opinion evaluation process for disability claims filed after March 27, 2017). "The ALJ is not required to explain how she considered each of the relevant factors; instead, when articulating her finding about whether an opinion is persuasive, the ALJ need only explain how she considered 'the most important factors' of supportability and consistency." *Corbin v. Kijakazi*, No. 2:20-CV-60-M, 2022 WL 990487, at *2 (E.D.N.C. Mar. 31, 2022). "Supportability is the degree to which a provider supports their opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes*, 70 F.4th at 212. Generally, the ALJ must explain how the evidence led to her conclusions. *Arakas v. Comm'r of SSA*, 983 F.3d 83, 95 (4th Cir. 2020) ("To

pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." (quoting *Monroe*, 826 F.3d at 189)); *Mascio*, 780 F.3d at 637.

Dr. Jilcott offered two opinions about Plaintiff's functional abilities: one on February 29, 2024, and the other on July 12, 2024. (R. 798–99, 927.) In the February 2024 opinion, Dr. Jilcott opined Plaintiff can only stand for three hours a day and walk for one and a half hours a day. (R. 799.) He also noted that Plaintiff cannot stand, bend, lift, or carry for any amount of time. (*Id.*) In the July 2024 opinion, Dr. Jilcott opined Plaintiff "must use a cane for mobility, [and] he can only stand and walk occasionally during 8 hours." (R. 927.)

The ALJ found Dr. Jilcott's opinion from July 2024, "not persuasive" for two reasons, both involving Dr. Jilcott's use of "occasional." (R. 25.) First, the ALJ said Dr. Jilcott's opinion that Plaintiff could stand and walk occasionally lacks "specific limitations" and did not explain what Dr. Jilcott meant by "occasional." (*Id.*) Second, the ALJ said Dr. Jilcott's opinion that Plaintiff could only occasionally handle with his left hand was inconsistent with the "bulk of the treatment record" and findings from a 2024 orthopedic exam. (*Id.*) "'Occasionally' means occurring from very little up to one- third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96–9p, 1996 WL 374185 at *3. The ALJ could have easily clarified what Dr. Jilcott meant by "occasional." *See Oakes*, 70 F.4th at 214 (ALJ must seek clarification or additional information when a medical opinion contains an ambiguity on a key issue). The importance of seeking clarification on this issue is underscored by the fact that, only a few months earlier, Dr. Jilcott had opined that

Plaintiff could only walk for one and a half hours in a workday (R. 799). This implies a more restrictive definition of "occasional" than is defined in SSR 96–9p, making clarification of this point particularly important. *See* SSR 96–9p, 1996 WL 374185, at *1 ("An RFC for less than a full range of sedentary work . . . is expected to be relatively rare.").

The ALJ also discounted Dr. Jilcott's February 2024 opinion because "the level of limitation is inconsistent with recent reports that indicate with surgery [Plaintiff] had some improvement in lower extremity pain or by exams that only document tenderness." (R. 25.) However, the record cited by the ALJ states that Plaintiff reported his back pain to be "worse than before surgery but his leg may be a little better," and that he "feels both legs are 'burning.'" (R. 907.) While it is true that Plaintiff reported he was "doing better," he still reported that he was in considerable pain, which was overlooked and improperly misconstrued by the ALJ. *See Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010))). For these reasons the undersigned recommends remand to the Commissioner.

**B. Subjective Complaints**

Plaintiff argues "the ALJ's summary fails to provide the requisite explanation for how she arrived at her conclusions." (Pl.'s Br. at 7.) The Commissioner says the

ALJ "weighed the evidence and explained why it fell short of establishing Plaintiff could not perform any work." (Comm'r's Br. [DE #14] at 14.)

A symptom evaluation requires two steps: "[f]irst, the ALJ must determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to cause the claimant's alleged symptoms," and then second, "the ALJ must assess the intensity and persistence of the alleged symptoms." *Arakas*, 983 F.3d at 95 (citing 20 C.F.R. § 404.1529 and SSR 16–3p, 2016 WL 1119029 (Mar. 16, 2016)). The ALJ must provide "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms." SSR 16–3p, 2017 WL 5180304, at *10. Importantly, a claimant is "entitled to rely exclusively on subjective evidence" to prove that her symptoms are so severe that they prevent her from working a full day. *Arakas*, 983 F.3d at 95–96 (quoting *Hines v. Barnhart*, 453 F.3d 559, 563–65 (4th Cir. 2006)).

Here, the ALJ considered both Plaintiff's statements about the limiting effects of his pain and the medical records, and found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. 22.) In light of the other issue requiring remand, the undersigned does not address whether the ALJ properly evaluated Plaintiff's statements about his symptoms and provided sufficient explanation for the ALJ's findings. The Commissioner will have the

opportunity to evaluate Plaintiff's statements about his symptoms after the medical opinions have been properly evaluated on remand.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 18, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's

failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 4th day of August 2026.

KIMBERLY A. SWANK
United States Magistrate Judge